IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:23-CR-90 |
| | ) |
| DREW PIERCE; MARK MARRIOTT; JOHN LAENG; JOHN O'BRIEN; and CHRISTOPHER O'BRIEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Before the Court is a motion for an order permitting issuance of Rule 17(c) subpoena filed by Defendants Drew Pierce, Mark Marriott, and John Laeng. ECF 161. Defendant John O'Brien joined this motion. ECF 196. The Court grants the motion and will enter an order issuing the subpoena, as modified below.

## BACKGROUND

Defendants seek the issuance of a Rule 17(c) subpoena to Fox Rothschild LLP for documents related to Fox Rothschild's internal investigation of Primary Health Network and PHN Charitable Foundation (together, "PHN"). ECF 161, p. 1. Defendants seek five categories of documents related to the investigation:

- Interview notes, exhibits, summaries, reports, and memoranda in any format (*e.g.*, typed, handwritten, etc.) related to PHN employee interviews conducted in relation to Fox Rothschild's internal investigation that were created in 2020 or later;

- Notes, reports, summaries, and memoranda made in connection with PHN's internal investigation that were created in 2020 or later;

- All documents that were obtained by Fox Rothschild in connection with its internal investigation of PHN;

- Written reports, summaries, or presentations created by Fox Rothschild and provided to the Government related to the PHN internal investigation that were created in 2020 or later;
- Documents Fox Rothschild conceded may "belong" to Defendants as referenced in a letter to AUSA Eric Olshan on April 22, 2021.

*Id.* at 2.

Defendants argue that these materials "are critical to [their] case preparation[]" and seek them "to prepare for trial, potential hearings on the other pre-trial motions filed with this motion, and potential additional motions practice in advance of trial[.]" *Id.* at 5. The government proposes that Defendants "file a motion for a revised subpoena, exempting documents already produced, tailored to documents related to the schemes at issue in the Superseding Indictment, with a provision permitting PHN to withhold any document on the basis of privilege, subject to PHN providing a privilege log." ECF 195, p. 41.

## DISCUSSION & ANALYSIS

Rule 17(c)(1) permits the Court to order a witness to produce evidence. Fed. R. Crim. P. 17(c)(1). "Rule 17(c) was not intended to be a broad discovery device, and only materials that are 'admissible as evidence' are subject to subpoena under the rule." *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981).

The party seeking the subpoena must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

"To meet this test, the party seeking documents through Rule 17(c) bears the

burden of clearing three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Hall*, No. 20-340, 2021 WL 3419679, at *1 (W.D. Pa. Aug. 5, 2021) (Ranjan, J.) (cleaned up). As is the case here, where a party is seeking pre-hearing production of documents, "that party must also establish: (i) that the documents are not otherwise procurable reasonably in advance of the proceeding by exercise of due diligence; and (ii) that the party cannot properly prepare for the proceeding without such production and inspection in advance of the proceeding and that the failure to obtain such inspection may tend unreasonably to delay the proceedings." *Id.* (cleaned up). Defendants are not permitted to "serve broad subpoena requests akin to civil discovery" on third parties. *United States v. Mills*, No. 17-122, 2018 WL 1382647, at *4 (W.D. Pa. Mar. 19, 2018) (Fischer, J.).

As to relevancy and specificity, the requests are relevant and some are specific enough, but they need to be narrowed. Initially, the Court agrees with Defendants that they are not required to identify the requested documents with "exacting detail." ECF 161, pp. 5-6; *see United States v. Reyes*, 239 F.R.D. 591, 599 (N.D. Cal. 2006) (citing *Nixon*, 418 U.S. at 700). But the requests are overbroad in two ways. First, they do not specify documents related to the charged conduct; this is important because, as Defendants even admit, Fox Rothschild's investigation was broader than the conduct at issue in this case. ECF 161, p. 7. Therefore, before the subpoena can be issued, each category of documents must be modified to make clear that Defendants seek documents related to the charged conduct. Second, regardless of any modification, the third category of documents ("All documents that were obtained by Fox Rothschild in connection with its internal investigation of PHN") is too broad. This request targets broad swaths of documents that would be closer to a fishing expedition than anything.

As to admissibility, Defendants make a plausible showing that the documents requested would be admissible as business records. *Id.* at 8-10. Defendants also

argue that PHN waived the attorney-client and work-product privileges by disclosing documents to the government. *Id.* at 10-13. Though the government disputes this (ECF 195, pp. 40-41), Defendants' exhibits arguably show that PHN has waived its privileges at least with respect to certain documents, meaning they would not be inadmissible for that reason. ECF 161-1 (Ex. A), pp. 1-2. In any event, the privilege issue is more appropriate for PHN and Fox Rothschild to raise when they are served with the subpoena.

Because Defendants' requests are relevant, specific (with modification), and admissible (subject to possible objections once the subpoena is issued), their motion for issuance of a Rule 17(c) subpoena is **GRANTED**. The Court hereby **ORDERS** that Defendants Pierce, Marriott, Laeng, and John O'Brien may issue a subpoena seeking the following categories of information (Court modifications in **bold**):

- Interview notes, exhibits, summaries, reports, and memoranda in any format (*e.g.*, typed, handwritten, etc.) related to PHN employee interviews conducted in relation to Fox Rothschild's internal investigation that were created in 2020 or later **that are related to the charged conduct**;

- Notes, reports, summaries, and memoranda made in connection with PHN's internal investigation that were created in 2020 or later **that are related to the charged conduct**;

- Written reports, summaries, or presentations created by Fox Rothschild and provided to the Government related to the PHN internal investigation that were created in 2020 or later **that are related to the charged conduct**;

- Documents Fox Rothschild conceded may "belong" to Defendants as referenced in a letter to AUSA Eric Olshan on April 22, 202 **that are related to the charged conduct**.

-5-

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DATE:  July 1, 2024                                                        BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge